echoes Claimants' contentions that we reject here.

### III. An Interest Adjustment to Customer Net Equity Claims Is Also Impermissible Under SIPA

In this appeal, only one Claimant seeks an adjustment for interest, in addition to inflation; all other Claimants seek an adjustment solely for inflation. The SEC likewise argued only for an inflation adjustment. For the same reasons stated above with respect to an inflation adjustment, *supra* Section I, we find that that an interest adjustment to customer net equity claims is impermissible under SIPA's scheme.

### CONCLUSION

For the foregoing reasons, we affirm the order of the United States Bankruptcy Court for the Southern District of New York and hold that SIPA does not permit an inflation or interest adjustment to "net equity" claims.

**Karina GARCIA, as Class Representative on behalf of herself and others similarly situated, Yari Osorio, as Class Representative on behalf of herself and others similarly situated, Benjamin Becker, as Class Representative on behalf of himself and others**

---

similarly situated, Cassandra Regan, as Class Representative on behalf of herself and others similarly situated, Yareidis Perez, as Class Representative on behalf of herself and others similarly situated, Tyler Sova, as Class Representative on behalf of himself and others similarly situated, Stephanie Jean Umoh, as Class Representative on behalf of herself and others similarly situated, Michael Crickmore, as Class Representative on behalf of himself and others similarly situated, Brooke Feinstein, as Class Representative on behalf of herself and others similarly situated, Plaintiffs–Appellees,

Marcel Cartier, as Class Representative on behalf of himself and others similarly situated, Plaintiff,

v.

JANE and John DOES 1–40, Individually and in their official capacities, Defendants–Appellants,

Raymond W. Kelly, Individually and in his official capacity, City of New York, Michael R. Bloomberg, in his official capacity and Individually, Defendants.

No. 12–2634–cv.

United States Court of Appeals, Second Circuit.

Feb. 23, 2015.

Mara Verheyden–Hillard (Andrea Hope Costello and Carl Messineo, on the brief), Partnership for Civil Justice Fund, Washington, DC, for Plaintiffs–Appellees.

Ronald E. Sternberg, Assistant Corporation Counsel (Leonard Koerner and Arthur G. Larkin, Assistant Corporation Counsel, on the brief), for Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY, for Defendants–Appellants.

Present: ROBERT A. KATZMANN, Chief Judge, DENNIS JACOBS, GUIDO CALABRESI,* JOSE A. CABRANES, ROSEMARY S. POOLER, REENA RAGGI, RICHARD C. WESLEY, PETER W. HALL, DEBRA ANN LIVINGSTON, GERARD E. LYNCH, DENNY CHIN, RAYMOND J. LOHIER, JR., SUSAN L. CARNEY, CHRISTOPHER F. DRONEY, Circuit Judges.

The Court voted to rehear this appeal *in banc* on December 17, 2014. However, in light of the amended panel opinion that will be issued today, *see Garcia v. Does 1–40*, 779 F.3d 84 (2d Cir.2015), this case no longer warrants consideration by the *in banc* Court. The *in banc* Court is hereby dissolved. The *in banc* Court, having determined that the case is no longer worthy of rehearing *in banc*, and having therefore dissolved itself, takes no position on the opinion of the panel.